UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMAN S.,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, Administrator of Golden State Annex Detention Facility, POLLY KAISER, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office, TODD LYONS, Acting Director of United States Immigration and Customs Enforcement, KRISTI NOEM, Secretary of the United States Department of Homeland Security, and PAMELA BONDI, Attorney General of the United States,<br><br>Respondents. | No. 1:25-cv-00801-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Docs. 27, 30 |

Petitioner Harman S. is a former immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 3, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition. Doc. 27. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. On February 24, 2026, both parties filed objections. Docs. 28, 29. On March 9, 2026, the magistrate judge issued supplemental findings and recommendations. Doc. 30. Respondents filed a notice of supplemental authority on March 25, 2026. Doc. 32.

In accordance with 28 U.S.C. § 636 (b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, including the parties' objections and respondents' notice of supplemental authority, the Court concludes that the findings and recommendations are supported by the record and proper analysis. Respondents' argument that mandatory detention

under 8 U.S.C. § 1225(b)(2) applies to someone who, like petitioner, was previously released on his own recognizance pursuant to 8 U.S.C. § 1226(a), is inconsistent with the Ninth Circuit's decision in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). And respondents' argument that petitioner has no due process rights in any form other than the form provided by Congress is incorrect for the reasons set forth in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).[1]

Accordingly,

1. The findings and recommendations issued on February 3, 2026, Doc. 27, as modified by the supplemental findings and recommendations issued on March 9, 2026, Doc. 30, are ADOPTED IN FULL;
2. The petition for writ of habeas corpus is GRANTED;
3. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified; and
5. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated: August 6, 2026

UNITED STATES DISTRICT JUDGE

[1] Respondents' request to stay this case is moot, as the Ninth Circuit has now issued its ruling in *Rodriguez Vazquez*, 2026 WL 2196424.